IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BROADCAST MUSIC, INC.; DEL SOUND MUSIC; MJ PUBLISHING TRUST; RIO BRAVO MUSIC, INC.; SONY/ATV SONGS LLC; BIG YELLOW DOG, LLC; TOKECO TUNES; WARNER-TAMERLANE PUBLISHING CORP.; EMI BLACKWOOD MUSIC, INC.; OLE MEDIA MANAGEMENT, LP and INDIANA ANGEL MUSIC,<br><br>Plaintiffs,<br><br>vs.<br><br>HILBURN ENTERPRISES, INC. and JACK HILBURN,<br><br>Defendant. | 8:17CV70<br><br>**MEMORANDUM AND ORDER** |

This case arises from the reportedly unauthorized playing of six musical compositions at Bourbon Jack's Honkytonk Bar ("Bourbon Jack's") in Hastings, Nebraska. Broadcast Music, Inc. ("BMI"), the holder of the right to license performances of those compositions, and Del Sound Music, MJ Publishing Trust, Rio Bravo Music, Inc., Sony/ATV Songs LLC, Big Yellow Dog, LLC, Tokeco Tunes, Warner-Tamerlane Publishing Corp., EMI Blackwood Music, Inc., Ole Media Management, LP, and Indiana Angel Music (collectively, "plaintiffs"), owners of those compositions, sued Hilburn Enterprises, Inc. ("Hilburn Enterprises") and Jack Hilburn ("Hilburn")[1] for copyright infringement pursuant the Copyright Act, 17 U.S.C. § 101 *et. seq*. Now pending before the Court is the plaintiffs' Motion for Default Judgment (Filing No. 44) pursuant to

---

[1] Upon notification of Hilburn filing Chapter 13 bankruptcy, the plaintiffs are not seeking default against him individually at this time. However, the plaintiffs have not yet dismissed Hilburn.

Federal Rule of Civil Procedure 55(b)(2) against Hilburn Enterprises. The plaintiffs' Motion for Default Judgment is granted in part as set forth below.

I. **BACKGROUND**[2]

Hilburn is the president of Hilburn Enterprises, which owns and operates Bourbon Jack's. At the bar, Hilburn Enterprises played music contained in BMI's repertoire without a license to do so. Once BMI learned of this, it began contacting Hilburn Enterprises in an attempt to inform it of the need to obtain a license to play BMI's music as required by the Copyright Act. Beginning in 2014, BMI attempted to contact Hilburn Enterprises at least seventy times through various forms of communication, including cease-and-desist notices. Hilburn Enterprises failed to respond to any of these communications and continued to play music owned by plaintiffs without authorization.

On March 6, 2017, the plaintiffs sued Hilburn Enterprises based on its unauthorized public performance of six musical compositions from BMI's repertoire in 2016 in violation of the Copyright Act. The plaintiffs served Hilburn Enterprises with a summons and a copy of the Amended Complaint. When Hilburn Enterprises "failed to plead or otherwise defend" this action, Fed. R. Civ. P. 55(a), the Clerk of the Court, upon the plaintiffs' motion, entered the defendants' default (Filing No. 35). The plaintiffs now move the Court for default judgment pursuant to Rule 55(b)(2). The plaintiffs submitted a Brief in Support of Motion for Default Judgment along with several exhibits, including (1) affidavits from BMI's in-house counsel, and its vice president of sales and licensing; (2) written reports of Raquel Telfer, an authorized agent of BMI who witnessed the performance of copyrighted songs; and (3) a declaration from BMI's counsel regarding fees and costs. Hilburn Enterprises was sent notice of the plaintiffs' Motion but failed to respond.

---

[2]When considering a motion for default judgment, the well-pled factual allegations contained in the complaint that establish liability "are taken as true." *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001); *see also* Fed. R. Civ. P. 8(b)(6).

## II. DISCUSSION

The plaintiffs filed their Complaint on March 6, 2017, and later amended their complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a). Hilburn Enterprises failed to respond to either filing. Where a party fails to file a responsive pleading or otherwise defend, default judgment will be entered. Fed. R. Civ. P. 55(a). It remains "for the court to consider whether the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). A plaintiff requesting default judgment must still prove its damages. *Cutcliff v. Reuter*, 791 F.3d 875, 883 (8th Cir. 2015).

Under the Copyright Act, the right to permit public performances of copyrighted works lies with the copyright owners. 17 U.S.C. § 106(4). BMI has the right to permit public performances of various owners' music by way of blanket licensing agreements. *See Broad. Music, Inc. v. Columbia Broad. Sys., Inc.*, 441 U.S. 1 (1979) (discussing licensing agreements). The Copyright Act further provides that "Anyone who violates any of the exclusive rights of the copyright owner as provided in Sections 106 through 122 . . . is an infringer of the copyright." 17 U.S.C. § 501(a). The Copyright Act authorizes an aggrieved party to seek injunctive relief to prevent copyright infringement. *Id.* § 502(a). A prevailing party may elect to recover statutory damages in a sum no less than $750 and not to exceed $30,000 per infringement, instead of actual damages. *Id.* § 504(c)(1). If a court finds the "infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." *Id.* § 504(c)(2). Moreover, a prevailing party may request attorney fees and costs. *Id.* § 505.

The plaintiffs seek judgment as aggrieved parties under § 501(a) because Hilburn Enterprises willfully performed copyrighted musical compositions without authorization. The plaintiffs also request permanent injunctive relief pursuant to 17 U.S.C. § 502(a). The Copyright Act permits courts to "grant temporary and final injunctions on such terms

as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "In copyright actions, courts traditionally have been willing to grant permanent injunctions once liability is established and a continuing threat to the copyright exists." *Nat'l Football League v. McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir. 1986) (citing *Pacific & S. Co., Inc. v. Duncan*, 744 F.2d 1490, 1499 (11th Cir. 1984)). In the present case, Hilburn Enterprises's documented violations date back to 2014. The plaintiffs gave Hilburn Enterprises multiple opportunities to cure the violation before resorting to litigation, and Hilburn Enterprises ignored and continues to ignore the plaintiffs' communications and this lawsuit. Further, Hilburn Enterprises has not given this Court any reason to believe it will cease violating the Copyright Act. Therefore, the Court grants the plaintiffs' request for permanent injunctive relief.

The Court turns next to damages. Here, the plaintiffs have requested statutory damages as opposed to actual damages as allowed pursuant to 17 U.S.C. § 504(c)(1). Section 504(c)(1) provides for statutory damages in a sum no less than $750 and no more than $30,000 per infringement. The plaintiffs have requested statutory damages of $5,000 for the unauthorized broadcast of each of the six musical compositions for a total of $30,000.

After careful review, the Court finds the plaintiffs' requested damages are reasonable. *See*, *e.g.*, *Capital Records, Inc. v. Thomas-Rasset*, 692 F.3d 899, 908 (8th Cir. 2012) (finding a statutory award of $9,250 for each of the twenty-four infringed works was reasonable). As noted, Hilburn Enterprises has been a steady infringer despite repeated notice from the plaintiffs. Beginning in 2014, the plaintiffs contacted Hilburn Enterprises dozens of times by phone and mail in an attempt to stop the infringement—to no avail. Hilburn refused to obtain a license or discontinue playing the plaintiffs' songs at its business. The estimated licensing fee for the period at issue in this case is approximately $3,500 per year. *See*, *e.g.*, *Gnat Booty Music v. Creative Catering of Wadhams, LLC*, 761 F. Supp.2d 604, 609 (E.D. Mich. 2011) (noting "courts have

routinely ordered damages well in excess of—and typically approximately three times the amount the defendant would have paid if it had properly obtained a license); *Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D. Ga. 1996) (granting an award three times the total cost of the licensing agreement); *Broad. Music, Inc. v. Triple L Vending, Inc.*, No. SA-86-CA-754, 1987 WL 45244, at *4 (W.D. Tex. Aug. 14, 1987) (same). Under the circumstances of this case, the Court awards the plaintiffs damages in the amount of $5,000 for each of the six infringed upon compositions.

The plaintiffs additionally request attorney fees and costs as provided for in 17 U.S.C. § 505. In support of their request, the plaintiffs submitted a declaration of their attorney. The declaration stated $7,500 in attorney fees have been incurred, in addition to $437.50 in total out-of-pocket costs including filing and service fees totaling $7,500. (Filing No. 47-3). The Court grants $437.50 in costs.

The plaintiffs' attorney fee declaration fails to provide information regarding hourly billing rates or the amount of time spent on this case to enable the Court to calculate a lodestar. Without this information, the Court is unable to determine whether such fees are reasonable. The Court will allow the plaintiffs time to submit this attorney fee declaration if done so within fourteen days of the date of this order.

    IT IS ORDERED:
1. The plaintiffs' Motion for Default Judgment (Filing No. 44) against Hilburn Enterprises is granted.
2. The plaintiffs' request for permanent injunction against Hilburn Enterprises pursuant to 17 U.S.C. § 502(a) is granted.
3. The plaintiffs are entitled to recover from Hilburn Enterprises total statutory damages of $30,000 pursuant to 17 U.S.C. § 504(c).
4. The plaintiffs are entitled to recover from Hilburn Enterprises $437.50 in costs.
5. The plaintiffs are ordered to submit additional evidentiary support regarding attorney fees within fourteen days of the date of this order.

6. The plaintiffs shall provide a status report regarding defendant Hilburn within fourteen days of the date of this order.

Dated this 2nd day of November, 2017.

BY THE COURT:

s/ *Robert F. Rossiter, Jr.*
United States District Judge